Filed 10/31/23  P. v. Dean CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B328523 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA050568) |
| v. | |
| GREGORY DEAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

Gloria C. Cohen, under appointment by the Court of Appeal; Gregory Dean, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Gregory Dean appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appointed appellate counsel filed a brief raising no issues and asking this court to review the record independently to determine whether there are any arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Dean filed a supplemental brief raising issues outside the scope of an 1172.6 resentencing proceeding.  Accordingly, we affirm the order.

## BACKGROUND

In 2008, a jury convicted Dean of first degree murder with use of a firearm and two counts of assault with a semiautomatic firearm.  (§§ 187, subd. (a); 12022.53, subd. (d); 245, subd. (b); 12022.5, subd. (a).)  He was sentenced to sixty-three years and four months to life.

Dean appealed from the judgment of conviction, contending that a request he made at trial to represent himself obligated the court to hold a hearing under *People v. Marsden* (1970) 2 Cal.3d 118, which the court erroneously failed to do.  In an unpublished opinion, we rejected this contention and affirmed the judgment. (*People v. Dean* (Sept. 28, 2009, B212558).)

## II.    Petition for Resentencing

On September 1, 2022, Dean, representing himself, filed a petition for resentencing under section 1172.6, which permits a person convicted of attempted murder under the natural and probable consequences doctrine to petition the court to have the conviction vacated and to be resentenced if the person could not presently be convicted of attempted murder due to changes to

---

[1] Undesignated statutory references will be to the Penal Code.

section 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(3).)

The trial court appointed counsel for Dean but ultimately denied the petition on the ground that Dean had been the actual shooter in the murder, and was not convicted under any theory of accomplice liability.

### III. Present Appeal

Dean filed a timely notice of appeal from the order denying his petition for resentencing, and we appointed counsel for him. As noted, counsel filed a brief raising no issues and asking us to review the record independently to determine whether any arguable issues exist pursuant to *Delgadillo*. Counsel served a copy of the brief on Dean and informed him of his right to file a supplemental brief.

We sent a letter to Dean, informing him that his counsel had filed a *Delgadillo* brief raising no issues and that he could submit a supplemental brief or letter stating any grounds for the appeal, or contentions or arguments he wanted this court to consider. We also informed Dean that if no supplemental brief or letter was timely filed we may dismiss the appeal as abandoned.

Dean filed a supplemental brief in which he mentions nothing about resentencing but requests leave to file a petition for writ of habeas corpus on the grounds of factual innocence, ineffective assistance of trial and appellate counsel, and judicial bias.

### DISCUSSION

As relevant here, section 1172.6 allows a defendant convicted of murder to seek resentencing based on changes to the Penal Code effected under Senate Bill No. 1437 (2017-2018 Reg. Sess.; Sen. Bill No. 1437) (Stats. 2018, ch. 1015, § 4). (*People v.*

3

*Patton* (2023) 89 Cal.App.5th 649, 655.)  That bill "limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder." (*Ibid.*)  The threshold question in a section 1172.6 proceeding, therefore, is whether the defendant was convicted under a theory of murder now invalid under Senate Bill No. 1437.

The trial court found that Dean was not convicted under an invalid theory, and therefore was ineligible for resentencing. Dean does not contest that finding.

In *Delgadillo*, our Supreme Court held that when appointed counsel in a criminal matter "finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)

Because this is an appeal from a denial of postconviction relief under section 1172.6, we are not required to conduct an independent review of the record as we would be in a direct appeal from a criminal conviction. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)

Here, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise

is necessary.  However, Dean has filed a supplemental brief at our invitation.

In that brief, Dean raises no issue regarding his petition for resentencing but seeks habeas relief on the grounds of factual innocence, ineffective assistance of trial and appellate counsel, and judicial bias.  Those issues are unrelated to his petition for resentencing, however, and are therefore beyond the scope of this appeal.  A section 1172.6 proceeding is not an opportunity to challenge all aspects of a conviction, only the aspects implicated by Senate Bill No. 1437.  Having raised no argument pertaining to Penal Code amendments under Senate Bill No. 1437, Dean's challenge necessarily fails.

## DISPOSITION

The order denying Dean's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

5